IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**WYATT DORSEY,**

        **Petitioner,**

v.                                                         **Civil Action No. 5:20-CV-13**
                                                                     **(GROH)**

**WARDEN PAUL ADAMS,**

        **Respondent.**


**REPORT AND RECOMMENDATION**

**I.  INTRODUCTION**

On January 22, 2020, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is currently a federal inmate housed at FCI McDowell in Welch, West Virginia, located in the Southern District of West Virginia, but at the time he filed his petition he was housed at Hazelton FCI in the Northern District of West Virginia.  He is challenging the validity of his conviction and sentence imposed in the United States District Court for the Middle District of Georgia.  Id.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

### A. Conviction and Sentence in the Middle District of Georgia

On January 22, 1998, a grand jury in the Middle District of Georgia, returned a three-count indictment in case number 4:98-CR-10, which charged Petitioner in: Count One with armed bank robbery in violation of 18 U.S.C. § 2113; Count Two with using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and Count Three with felon in possession of a firearm in violation of 18 U.S.C. § 922(g). ECF No. 1.[2] On March 12, 1998, a jury returned a guilty verdict on all three counts. ECF Nos. 13; 42 at 1.

Petitioner was sentenced with a career offender guideline enhancement on July 23, 1998,[3] to an aggregate term of 355 months of incarceration. ECF Nos. 18; 22 at 1, 5-6; 42 at 2. The aggregate term was comprised of: (1) 295 months for his conviction on Count 1; (2) 60 months for his conviction on Count 2, which sentence was ordered to be served consecutively to the sentence in Count 1; and (3) 120 months for his conviction on Count 3, which sentence was ordered to be served concurrently with the sentence in Count 1. ECF Nos. 18; 22 at 4 – 5.

### B. Direct Appeal

A review of the docket in the Middle District of Georgia, case number 4:98-CR-10, and PACER shows that Petitioner did not file an appeal of his conviction or sentence.

---

[1] All CM/ECF references in facts sections II.A, II.B., and II.C., refer to entries in the docket of Criminal Action No. 4:98-CR-10, in the Middle District of Georgia.

[2] Because of the age of conviction, documents entered prior to November 18, 2014, except for the sentencing transcript, ECF No. 22, are not available on PACER.

[3] The docket and sentencing transcript show that sentencing was held on July 23, 1998, however, the Judgment was not entered and filed with the Clerk until August 5, 1998. ECF Nos. 18, 22.

**C. Post-Conviction Motions**

On June 27, 2016, more than seventeen years after sentence was imposed, Petitioner, by counsel, filed a motion to vacate under 28 U.S.C. § 2255. ECF No. 29.[4] A Report and Recommendation was filed on February 9, 2018, which recommended that the Government's motion to dismiss should be granted, and the motion to vacate be dismissed as untimely. ECF No. 42. The Report and Recommendation summarized Petitioner's arguments:

> Petitioner, who was sentenced as a career offender under the pre-Booker mandatory guidelines, seeks relief based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015) which invalidated the residual clause of the Armed Career Criminal Act as unconstitutionally vague. Petitioner argues that identical language found in the career offender Sentencing Guideline enhancement, under which Petitioner was sentenced, is also void for vagueness."

ECF No. 42 at 1. However, as discussed in the Report and Recommendation, "[t]he decision in Johnson invalidated the residual clause of the Armed Career Criminal Act. Petitioner was not sentenced under the Armed Career Criminal Act, however, but was sentenced as a career offender under USSG § 4B1.1, a Sentencing Guideline enhancement." Id. at 3. The Report and Recommendation found that Petitioner, "is neither entitled to relief under Johnson nor entitled to cite Johnson as a triggering event for AEDPAs one-year limitations period under 2255(f)(3). As with the typical case, AEDPA's clock began running one-year from the date Petitioner's conviction became final. Petitioner did not file the instant action until seventeen years after AEDPA's clock expired." Id. at 5. The district court adopted the Report and Recommendation on

---

[4] The motion was also assigned a separate civil action number, 4:16-CV-220.

3

September 17, 2018, in an order which also denied the motion to vacate, and denied Petitioner a certificate of appealability.  ECF Nos. 45, 46.

Petitioner later filed a motion for compassionate release on August 18, 2020, which motion was denied by the district court on November 4, 2020.  ECF Nos. 47, 50.

On September 9, 2022, Petitioner filed a motion to reduce sentence pursuant to the First Step Act.  ECF No. 55.  That motion remains pending.

### D.     Prior § 2241 Petitions filed in this District[5]

On August 14, 2019, Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in case number 3:19-CV-132.   ECF No. 1.

Petitioner filed a document on December 18, 2019, which was considered by the Clerk as an amended petition.  ECF No. 16.  Following receipt of correspondence from Petitioner, the "amended petition" was stricken from the docket of 3:19-CV-132, and filed as the initiating document for the instant case number, 5:20-CV-13.  By order entered January 28, 2020, the district court consolidated the two actions.  ECF No. 25.

A Report and Recommendation was entered on November 15, 2021.  ECF No. 34. The Report and Recommendation was adopted on July 13, 2022.  ECF No. 43.  However, the order adopting the Report and Recommendation recommitted the instant case for further consideration:

> Because the R&R only sets forth findings relevant to the Petitioner's § 2241 Petition for Writ of Habeas Corpus filed on August 14, 2019 [ECF No.1], this Order does not adjudicate the Petitioner's second § 2241 Petition for Writ of Habeas Corpus [ECF No. 16], which was separated from this case and used to initiate a new civil action in 5:20-cv-13, and then later consolidated back into this matter [ECF Nos. 24, 25]. Upon further review of the filings in both dockets, the Court

---

[5] All CM/ECF references in facts section II.D refer to entries in the docket of Civil Action Number 3:19-CV-132 from this district.

4

> ORDERS that 5:20-cv-13 be un-consolidated from 3:19-cv-132 but remain assigned to Magistrate Judge Trumble and Judge Groh.

ECF No. 43 at 11.

### E.    Claims in Instant § 2241 Petition

In the Court-approved form, Petitioner raises a sole challenge to his conviction and sentence.  ECF No. 1 at 1, 5.  Petitioner claims that he is no longer a career offender under the holding of United States v. Cornette, 932 F.3d 204 (4th Cir. 2019).[6]  Id. at 5, 11.  Further, the Petitioner claims that the sentencing court improperly found him to be a career offender "when he was not because Georgia burglary is not a crime of violence." Id. at 5.

In the ten handwritten pages attached to the Court-approved form, Petitioner argues that at the time of his sentencing, one of his prior convictions qualified as a crime of violence under § 4B1.1 and § 4B1.2 of the then-mandatory United States Sentencing Guidelines.   ECF No. 1 at 12.  However, Petitioner cites to Cornette and Johnson v. United States, 135 S.Ct. 2551 (2015), to support his claim that his underlying Georgia burglary conviction no longer qualify as a crime of violence for purposes of career offender sentence enhancement.  Id. For relief, Petitioner requests his sentence be vacated and that he be resentenced without the career offender enhancement.  ECF Nos. 1 at 7, 17.

---

[6]    United States v. Cornette, 932 F.3d 204 (4th Cir. 2019) (holding that Cornette, who "was sentenced as an armed career criminal because of certain predicate state convictions that the district court considered to be 'violent felonies' under the Armed Career Criminal Act (ACCA), no longer had the requisite number of predicate offenses for the ACCA's sentencing enhancement after the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015)).

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court

>lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV.   ANALYSIS

Although Petitioner states that he challenges both his conviction and sentence, Petitioner's sole ground for relief is essentially that his sentence was improperly enhanced under the Career Offender provision of the then-mandatory United States Sentencing Guidelines. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). "As we noted in O'Brien [v. Moore, 395 F.3d 499, 505 (4th Cir. 2005)], the 'essence of habeas corpus is an attack by a person in custody upon the legality of that custody' and 'the traditional function of the writ is to secure release from illegal custody.'" Obando-Segura v. Garland, 999 F.3d 190, 194 (4th Cir. 2021), quoting Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

---

shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[8] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[9] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th

---

[8] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.     The date on which the judgment of conviction becomes final;
    b.     The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.     The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[9] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

8

Cir. 2000). When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>. <u>Id.</u> Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e)

savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Petitioner indicated on the Court-approved form that he is challenging his conviction [ECF No. 1 at 1], thus the Court will perform the Jones analysis. Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong. Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal. The crimes Petitioner was convicted of committing—armed bank robbery, in violation of 18 U.S.C. 2113, using, possessing, or carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)[10] and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)—are still violations of law. Therefore, Petitioner cannot satisfy the second prong of Jones. Because Petitioner in attacking the validity of his conviction fails to establish that he meets the Jones requirements, he has not demonstrated that a

---

[10] The residual clause of 18 U.S.C. § 924(c)(3)(B) was abrogated and held unconstitutional by the holding of United States v. Davis, 139 S.Ct. 2319 (2019). The remaining provisions of the statute remain in full force and effect, specifically, that a crime of violence means an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner was charged with and convicted of bank robbery in violation of 18 U.S.C. § 2113(a), and (d), which offense is committed "by force and violence, or by intimidation", pursuant to subparagraph (a), and "by use of a dangerous weapon or device", and pursuant to subparagraph (d).

section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause. Accordingly, Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider his petition on that ground.

Petitioner's request for relief as to his sentence under § 2241 is also unavailable. Petitioner claims that his sentence is invalid because a prior conviction was improperly used to designate him as a Career Offender under the United States Sentencing Guidelines, and thus his sentence was improperly enhanced. However, Petitioner has already raised and been denied relief on this ground in his § 2255 motion to vacate in the court of conviction. He now raises the issues again in this § 2241 claim.

Because Petitioner's direct appeal rights have expired and Petitioner has already filed more than one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Accordingly, Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.

Further, because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715

(4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory. Id. at 714. However, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner in this case was sentenced as a career offender under the pre-Booker, mandatory Guidelines, the Court looks to the fourth prong of Wheeler to determine if Petitioner is entitled to seek relief pursuant to the savings clause. The Fourth Circuit has held that, "prong four of *Wheeler* demonstrates that the date of retroactivity is the trigger for savings clause relief. That requirement states, 'due to this *retroactive change in settled law*, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.' It is the *retroactive* change, not just the change, in settled law that renders the sentence fundamentally defective." Braswell v. Smith, 952 F.3d 441, 448 (4th Cir. 2020) (quoting Wheeler, 886 F.3d at 429).

However, Petitioner has not demonstrated that there has been any retroactive change in the law which would present an error sufficiently grave to be deemed a fundamental defect. Petitioner argues that Cornette and Johnson support his claim that his sentence was improperly enhanced under the career offender provision of the Guidelines. However, Cornette and Johnson are both cases that involve defendants sentenced under the Armed Career Criminal Act, not the career offender provisions of the Guidelines. Accordingly, it is irrelevant if either Cornette or Johnson apply retroactively, because neither case addresses sentencing under the career offender section of the

Guidelines.  For these reasons, Petitioner cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### V.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: October 7, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE